UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM DAWSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:22-cv-00934 (UNA) |
| | ) | |
| TERRENCE W. BOYLE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. Plaintiff is a North Carolina state prisoner incarcerated at Pender Correctional Institution in Burgaw, North Carolina. While plaintiff's form complaint indicates that his claims fall under 42 U.S.C. § 1983, a review of the allegations shows that plaintiff is actually challenging his criminal conviction and sentence, alleging that the jury ignored evidence of his innocence. He seeks a reduction of his sentence and/or his immediate release from custody, and even though he has filed a civil action, he also demands review of same pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

Federal review of state convictions and sentences is available under 28 U.S.C. § 2254 only after the exhaustion of available state remedies. 28 U.S.C. § 2254(b)(1). Thereafter, "an application for a writ of habeas corpus [ ] made by a person in custody under the judgment and sentence of a State court . . . may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced [petitioner] and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Consequently, plaintiff has no recourse in this Court to review his North Carolina conviction and sentence.

Furthermore, plaintiff's "claims arising under Criminal Rule[] . . . 35 must, by" its terms, "be pursued in the sentencing court, not this civil court. Addressing plaintiff's questions in the absence of jurisdiction would violate the oldest and most consistent thread in the federal law of justiciability . . . that the federal courts will not give advisory opinions." *Duckett v. United States*, No. 18-2185, 2018 WL 4954151 (D.D.C. Oct. 10, 2018), at *2 (quoting *Pub. Serv. Elec. & Gas Co. v. F.E.R.C.*, 783 F.3d 1270, 1274 (D.C. Cir. 2015) (internal quotation marks and other citations omitted)), *appeal dismissed*, No. 18-5323, 2019 WL 1926715 (D.C. Cir. Jan. 23, 2019).

Consequently, the IFP application, ECF No. 2, is granted, and the complaint, ECF No. 1, is dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date:   May 3, 2022

_____/s/_____
TIMOTHY J. KELLY
United States District Judge